Filed 5/30/24  In re S.W. CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| In re S.W. et al., Persons Coming Under the Juvenile Court Law. | C100233 |
| PLACER COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>H.W.,<br><br>        Defendant and Appellant. | (Super. Ct. Nos. 53004662, 53004663, & 53004666 ) |

Mother of the minors, P.W., B.W., and S.W., appeals from the juvenile court's orders terminating parental rights and freeing the minors for adoption.  (Welf. & Inst. Code, §§ 366.26, 395; undesignated statutory references are to this code.)  She contends there was insufficient evidence to support the juvenile court's finding of adoptability.  We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2023, Placer County Department of Health and Human Services (the Department) filed a section 300 petition on behalf of the minors, under subdivisions (a) [serious physical harm], (b) [failure to protect], and (c) [serious emotional damage], due to mother's repeated physical, verbal, and emotional abuse, and mother's mental health issues. The minors were detained and placed with the maternal grandparents.

Mother has a long history of being physically and emotionally abusive toward the minors. The minors had been removed from mother's custody based on a similar dependency petition in July 2017. Mother completed the recommended services, and she was reunified with B.W. and S.W. in 2018, and with P.W. in 2019. Mother was reunified with P.W. later because P.W. did not feel safe with mother. The minors reported that, shortly after being reunified with mother, the abuse resumed.

The juvenile court sustained the section 300 petition, adjudged the minors dependents, and bypassed mother for reunification services.

The contested section 366.26 hearing took place in November 2023. The social worker testified in support of the Department's recommendation that parental rights be terminated with a permanent plan of adoption by the maternal grandparents. Mother argued the Department had not met its burden to establish that the minors were likely to be adopted, either in general or specifically by the maternal grandparents, who she argued had not been shown to be "suitable" to adopt the minors.

The juvenile court found by clear and convincing evidence that it is likely the minors will be adopted, terminated parental rights, and selected adoption as the permanent plan. Mother timely appealed. The matter was fully briefed in this court and deemed submitted on May 1, 2024.

## DISCUSSION

Mother contends the juvenile court's finding that the minors are adoptable is not supported by substantial evidence. We reject her contention.

2

"A finding of adoptability requires 'clear and convincing evidence of the likelihood that adoption will be realized within a reasonable time.' (*In re Zeth S.* [2003] 31 Cal.4th [396,] 406.)" (*In re Valerie W.* (2008) 162 Cal.App.4th 1, 13.) "The question of adoptability usually focuses on whether the child's age, physical condition[,] and emotional health make it difficult to find a person willing to adopt that child." (*In re B.D.* (2008) 159 Cal.App.4th 1218, 1231.) It is not necessary that the child already be placed in a preadoptive home, or that a proposed adoptive parent be waiting, to find a child adoptable, but the fact that a prospective adoptive family is willing to adopt the minor is evidence that the minor is likely to be adopted by that family or some other family in a reasonable time. (*In re Brian P.* (2002) 99 Cal.App.4th 616, 624; *In re Lukas B.* (2000) 79 Cal.App.4th 1145, 1154.) It is evidence that the minor's age, physical condition, mental state, and other matters relating to the child are not likely to dissuade individuals from adopting the minor. (*In re Mary C.* (2020) 48 Cal.App.5th 793, 803; *In re Sarah M.* (1994) 22 Cal.App.4th 1642, 1649-1650.)

There are some cases where a child, due to severe physical or mental needs, may be deemed adoptable based solely on a specific prospective adoptive parent's willingness or desire to adopt the child (specific adoptability). (See *In re Carl R.* (2005) 128 Cal.App.4th 1051, 1058, 1061-1062.) In such circumstances, instead of focusing on the child's characteristics, the court must determine whether there is a legal impediment to adoption and, therefore, the suitability of the prospective adoptive parent may be placed at issue. (*Id.* at pp. 1061-1063.) The suitability of the prospective adoptive parent is not at issue when a child is generally adoptable. (*Id.* at p. 1061; *In re Scott M.* (1993) 13 Cal.App.4th 839, 844.)

We review the adoptability finding to determine "whether the record as a whole contains substantial evidence from which a reasonable fact finder could have found it highly probable that the fact was true." (*Conservatorship of O.B.* (2020) 9 Cal.5th 989,

3

1011.)  Here, the record contains substantial evidence to support the juvenile court's finding that the minors are generally adoptable.

P.W., who was 14 years old at the time of the November 2023 section 366.26 hearing, is described in the social worker's September 2023 report as bright, articulate, quiet, reserved, and confident.  She is thriving in the stable, safe, and healthy home provided by her maternal grandparents.  She has no developmental, behavioral, or medical issues and no significant mental health or educational concerns.  She has recently begun weekly therapy, having suffered repeated acts of abuse by mother and having seen her father's body after his in-home suicide.  She has been steadily attaining greater levels of emotional stability and has expressed that the therapy has been helpful.  Her school attendance is appropriate and there are no significant concerns about her school performance.  She shared that she struggles in math and is meeting weekly with a tutor to assist her in the subject.  She shares a strong bond with her siblings and maternal grandparents.

B.W. was 12 years old at the time of the hearing.  She is an active, sweet, friendly, articulate, expressive girl who enjoys playing soccer and video games.  Like her older sister, she has no developmental, behavioral, or medical issues and no significant mental health or educational concerns.  Also like her older sister, she reports she struggles in math, but she is passing all her classes.  She has openly expressed her feelings of anxiety and fear resulting from mother's abuse and is engaging in weekly therapy, which she finds helpful.  She experienced constant fear and anxiety when she lived with mother.  But she has noticed a marked decrease in her level of anxiety and no longer feels constant fear now that she is living with her grandparents.  She is bonded to her siblings and her maternal grandparents.

S.W., who was 10 years old at the time of the hearing, is an active girl who enjoys arts and crafts, soccer, swimming, tetherball, school, and playing Roblox (an online game platform).  She has no developmental, behavioral, or medical issues and no educational or

4

significant mental health concerns. She has appropriate school attendance and is doing well in all her scholastic subjects. She has expressed sadness when thinking about mother's behavior toward her and her siblings and has been engaging in weekly therapy, which she feels has been helpful. She enjoys spending time with her grandparents and siblings.

All minors reported feelings of safety and security, and experiencing a marked decrease in anxiety, since their placement with the maternal grandparents. All minors also expressed their desire for, and excitement about, adoption by the maternal grandparents. B.W. specifically expressed that she would like to be adopted rather than any other outcome. (See Fam. Code, § 8602 [consent of a child over the age of 12 is necessary to the child's adoption].)

Although the Department opined it was highly unlikely that the maternal grandparents, who were an approved resource family, would change their mind about providing permanency for the minors, there were "many approved adoptive families" that would love to provide permanency for the minors through adoption. A social worker testified at the 366.26 hearing there was another home that was willing to accept teens or sibling sets and none of the minors had demonstrated any kind of concerning behaviors that would make them difficult to place. The minors appeared "very emotionally stable" and there were no concerns, emotional, behavioral, or otherwise. Three or four other relatives had come forward to indicate their availability for placement early in the proceedings but had indicated that the maternal grandparents were a "better fit" for the minors. This evidence supports the juvenile court's finding that the minors are likely to be adopted, by the maternal grandparents or another, within a reasonable time. (See *In re Lukas B., supra*, 79 Cal.App.4th at p. 1154.)

While mother emphasizes the minors' participation in weekly therapy as support the minors had emotional or mental health concerns, there is no support for her implication that any such concerns would dissuade families from adopting them or

5

militated against an adoptability finding. Mother also emphasizes that the social worker did not have other approved homes ready and willing to adopt the minors. But "it is not necessary that the minor[s] already be in a potential adoptive home or that there be a proposed adoptive parent 'waiting in the wings.' " (*In re Sarah M., supra*, 22 Cal.App.4th at p. 1649, italics omitted.) Thus, the failure of the Department to have identified back-up homes for the minors is immaterial. On the other hand, the maternal grandparents' willingness, and the identification of another willing home on the day of the hearing, while unnecessary to a finding of adoptability, provided additional support that the minors are adoptable.

In sum, there is substantial evidence to support the finding that the minors are adoptable. We therefore need not reach mother's claim regarding the minors' specific adoptability or her challenge to the suitability of the maternal grandparents or their home. (*In re Carl R.*, *supra*, 128 Cal.App.4th at p. 1061.)

Finally, we reject mother's undeveloped argument that her due process rights were violated because the juvenile court did not delineate whether it was finding the minors generally or specifically adoptable. First, the argument is procedurally barred due to her failure to properly head the claim and provide coherent supporting argument and authority. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408; see Cal. Rules of Court, rule 8.204(a)(1)(B).) And second, the claim lacks merit. The law does not require the juvenile court to delineate whether it is finding a child "generally" or "specifically" adoptable. (*In re Mary C., supra,* 48 Cal.App.5th at p. 802; *In re A.A.* (2008) 167 Cal.App.4th 1292, 1313-1314.)

DISPOSITION

The orders of the juvenile court terminating parental rights are affirmed.


/s/
MESIWALA, J.


We concur:


/s/
RENNER, Acting P. J.


/s/
BOULWARE EURIE, J.